Lin v. Holder

BIA
Vomacka, I.J.
A093 338 262

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand fourteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges*.

———————————————————————

MEI QING LIN,
> *Petitioner*,

v.

13-1092
NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

———————————————————————

FOR PETITIONER:                    Troy Nader Moslemi, Moslemi & Associates, New
                                   York, New York.

FOR RESPONDENT:                    Stuart F. Delery, Assistant Attorney General; John
                                   S. Hogan, Senior Litigation Counsel; Aimee J.
                                   Carmichael, Trial Attorney, Civil Division, Office
                                   of Immigration Litigation, United States
                                   Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of

the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED,

AND DECREED that the petition for review is DISMISSED in part and DENIED

in part.

Mei Qing Lin, a native and citizen of the People's Republic of China, seeks

review of a February 27, 2013 order of the BIA affirming the September 12, 2011

decision of an Immigration Judge ("IJ") pretermitting as untimely her application

for asylum and denying her application for withholding of removal and relief

under the Convention Against Torture. *See In re Mei Qing Lin*, No. A093 338 262

(B.I.A. Feb. 27, 2013), *aff'g* No. A093 338 262 (Immig. Ct. N.Y. City Sept. 12, 2011).

We assume the parties' familiarity with the underlying facts and procedural

history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008), quoting 8 U.S.C. § 1252(b)(4)(B).

We lack jurisdiction to review the agency's pretermission of Lin's asylum application as untimely, because Lin presents no colorable constitutional claims or questions of law. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Accordingly, to the extent that Lin's petition challenges the denial of asylum, we dismiss it for lack of jurisdiction.

We deny the remainder of the petition because the agency's finding that Lin was not credible is supported by substantial evidence. Lin gave conflicting statements regarding the details of her arrest and an assault on a fellow church member in China, why her pastor did not testify on her behalf, when she entered the United States, whether she had a passport, and how long she lived in New York. Moreover, as to some of those matters, Lin admitted that she had lied

3

either in statements to immigration or in her testimony. The agency was not compelled to accept Lin's excuses for the inconsistencies in her testimony, that a smuggler told her to lie or that she was nervous when she filled out the asylum application. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Given those inconsistencies in her testimony, we cannot conclude that any reasonable adjudicator would be compelled to find her credible and therefore decline to disturb the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167.

Finally, to the extent Lin argues that regardless of credibility, the evidence established a likelihood of future persecution or torture, she points to no specific evidence that the agency overlooked. To the extent Lin claims that the agency speculated about the sincerity of her religious beliefs, she is incorrect; the agency merely inquired into whether she actually attended church, an issue relevant to her claim of likely persecution.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4